### Jesse B. Stinson *vs.* The Groton Long Point Association, Incorporated, et al.

Maltbie, C. J., Haines, Banks, Avery and Jennings, Js.

Argued February 7th—decided April 3d, 1935.

*John H. Buck* and *William W. Hoppin, Jr.,* for the appellant (plaintiff).

*Frank L. McGuire,* for the appellees (defendants).

HAINES, J. The defendant Association was chartered by the General Assembly by Special Act approved May 19th, 1921. 18 Special Acts, pp. 647-653. The defendant McGugan was, at the time of the acts in question, employed by the Association as fire warden. The plaintiff was the owner of an unoccupied cottage and garage located on the south side of Ridge Road, so-called, within the territorial limits of the defendant Association. The complaint alleges that on

November 30th, 1932, McGugan and other employees and agents of the Association under his direction, while the wind was blowing in gusts toward the plaintiff's buildings, "set fire in various places to and upon a certain field of dry and inflammable grass and bushes, which said field lay . . . only a short distance" from the plaintiff's buildings; which fire, fanned by the wind, spread to various places on the field and toward the plaintiff's buildings, and the sparks, smoke, cinders and ashes blew over to and onto the buildings and set them on fire, so that the plaintiff's cottage was totally destroyed and the garage greatly damaged. It is further alleged that before setting the fires, McGugan stationed a fire truck of the Association at a point on Ridge Road at or near plaintiff's buildings, but left no one there to guard against danger to the buildings from the fire. "In all of the above, said . . . Association . . . and . . . McGugan acted with negligence and in disregard of the obvious dangers created by said fire," and "the plaintiff. . . was without contributory negligence."

The substance of the defendants' answer is that McGugan acted as local fire marshal and chief of the fire department of the Association; that this was a municipal corporation, and that the other men were members of the fire department; that the small clumps of standing dead grass and low brush in question were within the Association limits and about five hundred feet from the plaintiff's buildings and constituted fire hazards in that persons traveling across the area might carelessly ignite the grass and thus communicate fire to residences across the road from the plaintiff's buildings, and so to other buildings, and in setting the fires complained of, the defendants were "performing a governmental function and public duty for the public benefit" and not for their own benefit or that of the

Association; that the fire truck was a part of the fire apparatus of the Association and was likewise used by the defendants in the performance of a governmental function.

The plaintiff demurred to this answer upon four grounds, one of which was to the effect that the setting of the fire was beyond the authority of the defendant Association or its officers.

The defendants claim authority under § 3 of the act "to provide for the extinguishment of fires," and also claim authority for setting this fire under § 4, giving power "to protect by suitable means, property within its limits from theft or other injury," but it is apparent that this latter provision has reference to acts of a different nature, and the enforcement of its provisions is committed to its peace officers such as constables. It must be noted that § 27 of the act, vests the Association, in addition to the specific powers enumerated in § 3, with "all the powers granted to boroughs under the General Statutes." It is there provided that boroughs may appoint a fire marshal (Rev. 1930, § 487), and when he has "reason to believe that there exists in any building or upon any premises combustible materials or inflammable conditions dangerous to the safety of such buildings or premises," he shall notify the commissioner of state police, etc. (§ 2308).

It thus appears that if the defendant fire marshal considered there were "combustible materials or inflammable conditions dangerous to the safety" of adjoining buildings, as claimed, his duty was to report it to the commissioner of state police, who was authorized by law to "remove" the material or "remedy" the conditions, or the fire marshal might require the owner of the premises to do so, and a penalty is provided for one failing to comply with his orders. (§ 2307). Setting up such knowledge of the fire marshal is not a

legally sufficient answer to the complaint that he proceeded to undertake to abate the dangerous conditions.

We deem it clear that the Legislature did not intend to thus entrust to the sole judgment and control of one of the officers of this Association so dangerous an act as setting a fire on open land, with the serious attendant risks here disclosed, and that in doing so, he exceeded his authority. The situation in this case was a dangerous one, as the answer itself points out, in that a fire started at this point was likely to be communicated to adjacent buildings. The marshal, by his own act, brought about the very damage which he now pleads he sought to prevent through the act of another.

The Legislature has sought to protect property owners from outside fires such as this, by statute: "Any person who shall set fire on any land, that shall run upon the land of any other person, shall pay to the owner all damages done by such fire." General Statutes, Rev. 1918, § 6139, Rev. 1930, § 5991. It is also made a penal offense: "Any person who shall kindle or authorize another to kindle a fire in the open air, which fire occasions an injury to another, shall be fined not more than two hundred dollars or imprisoned not more than six months or both." General Statutes, Rev. 1918, § 2158, Rev. 1930, § 2191. "No person shall kindle a fire upon public land without authority, nor upon the land of another without permission of the owner thereof or his agent." General Statutes, Rev. 1918, § 6271, Rev. 1930, § 6128. Town and district fire wardens may "in an emergency, set backfires to check any fire." General Statutes, Rev. 1918, § 2155 as amended, Rev. 1930, § 2180.

The Legislature has provided with much care and detail for the control and elimination of fire hazards, and carefully restricted the authority to set fires in the open which are potentially dangerous to person or

property. Our examination of statutory provisions discloses none which vests authority in a fire marshal or other official of this Association, to start a fire in the open under the conditions existing in this case. *Worth* v. *Dunn*, 98 Conn. 51, 58, 118 Atl. 467. Nor does it appear that there was any ordinance or by-law of the Association providing for fire protection as authorized by General Statutes, Rev. 1930, § 390. We are not called upon to determine whether the Association could be held liable in any event, but it follows from what has been said that the defendants could not, upon this record, rely upon the defense of governmental immunity, on the ground that they were engaged in the proper performance of a governmental duty. *Feudl* v. *New Haven*, 88 Conn. 125, 129, 90 Atl. 35. The demurrer should have been sustained.

There is error; the judgment is set aside and the cause remanded to the Superior Court to be proceeded with according to law.

In this opinion the other judges concurred.